```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

MICHAEL ALLAH,                    :
                                  :     Civil Action No. 07-1960 (JBS)
          Plaintiff,              :
                                  :
     v.                           :     **OPINION**
                                  :
FRANKIE FONTANEZ, et al.,         :
                                  :
          Defendants.             :

**APPEARANCES**:

    MICHAEL ALLAH, Plaintiff Pro Se
    # 187417
    Camden County Jail
    330 Federal Street
    Camden, New Jersey 08103

**SIMANDLE**, District Judge

Plaintiff Michael Allah, currently confined at the Camden County Jail in Camden, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a) (1998), and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

I. BACKGROUND

The Complaint names the following defendants: Frankie Fontanez, Public Defender; Eric M. Taylor, Warden; John Doe #1, Video Judge; and John Doe #2, Video Judge. (Complaint, Caption and ¶¶ 3(b) and (c)). The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that he was falsely charged with shoplifting on February 16, 2007. At a bail hearing on March 22, 2007, Plaintiff's bail was set at $3,500 and he was to be released on his own recognizance ("ROR"). The charges were downgraded to municipal court. On March 27, 2007, Plaintiff was transferred from the Burlington County Jail to the Camden County Jail.

Plaintiff complains that he has been in jail for more than one month and has been unable to make bail in the amount set. He also states that he is being held on a theft charge that was allegedly dismissed on December 6, 2006, and on two false bench warrants. The bench warrants apparently stem from Plaintiff's failure to appear in a Camden court on February 21, 2007.

Plaintiff was incarcerated at the Burlington County Jail from February 16, 2007 to March 27, 2007.  On February 20, 2007, Plaintiff claims that he had notified his counsel, defendant Frank Fontanez, Esq., by telephone, that he could not make his February 21, 2007 court date unless Camden County came to get him.  Mr. Fontanez failed to notify the court accordingly.  Moreover, Plaintiff complains that Fontanez is grossly ineffective as counsel because Fontanez has failed to answer or respond to any of Plaintiff's letters, has not visited Plaintiff or investigated the matter, has failed to obtain discovery, and has not prepared a defense for trial.  (Compl., ¶ 4).

On March 29, 2007, Plaintiff appeared before a Video Judge (John Doe #1).  Plaintiff claims that Video Judge John Doe #1 refused to release Plaintiff on his own recognizance "out of bias, racism, and discrimination."  (Compl., ¶ 4).  Plaintiff does not assert any allegations against John Doe #2, Video Judge in his Complaint.

Plaintiff asks that he be appointed counsel in this matter because the law library at Camden County Jail is inadequate.  He seeks compensatory and punitive damages in the amount of $10,000 from each defendant, and $150.00 per day for each day he spends in jail.  Plaintiff further asks this Court to release him on his own recognizance and have his state court cases dismissed.  He seeks an injunction to expedite a hearing in this matter so that

he will not lose his personal property being held in an Econo-Lodge Hotel.  Plaintiff also asks that he be allowed to amend his Complaint to allege new causes of actions and new defendants once new information is gained through discovery.  He further requests that the Camden County Jail be enjoined from retaliating against him, although the Complaint asserts no facts to demonstrate retaliation.  (Compl., ¶¶ 4, 5).

Plaintiff concludes his Complaint by warning that "if I can't get justice in a civil court of law.  Then I will have to take the civil law into my own hands and do what's just and right by Islamic law.  And I will do just that.  And this is not a threat[,] it is a FACT!"  (Compl., ¶ 4).[1]

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is

---

[1] Such threats of lawless action have no place in federal pleadings.  These threats, whether rhetorical or actual, will be deemed stricken from the pleadings pursuant to Rule 12(f), Fed. R. Civ. P.  This Court will direct the Clerk of Court to mail a copy of Plaintiff's Complaint, together with the Opinion and Order, to each of the named Defendants for their possible threat assessment.  Such mailing shall not be deemed service of process in this case, as such mailing is not personal service and because no summons is authorized to be served, for reasons explained in this Opinion.

required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

5

him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within

> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## II.  ANALYSIS

A.  Claims Against John Doe Video Judges

As a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit under the doctrine of judicial immunity. See Mireless v. Waco, 502 U.S. 9 (1991).  "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."  Id., 502 U.S. at 11 (*citing* Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).  The Supreme Court has made clear that

> judges of courts of superior or general jurisdiction
> are not liable to civil actions for their judicial acts,
> even when such acts are in excess of their jurisdiction,
> and are alleged to have been done maliciously or corruptly.

Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); see also Pierson v. Ray, 386 U.S. 547, 554 (1967).  Thus, judicial immunity can be overcome only for actions not taken in a judicial capacity, id.,

7

or for actions taken in a complete absence of all jurisdiction. Mireless, 502 U.S. at 11-12. Allegations that actions were undertaken with an improper motive diminishes neither their character as judicial actions nor the judge's immunity. See Forrester v. White, 484 U.S. 219, 227 (1988).

Here, Plaintiff fails to assert any allegations against Judge John Doe #2, and his allegations against Judge John Doe #1 involve only court-related matters occurring during plaintiff's state criminal proceedings, namely, his bail proceeding. Thus, even if plaintiff's allegations are true, with respect to Judge John Doe #1, the Court finds that the Complaint fails to allege facts sufficient to support the necessary assertions that the Judge acted beyond the scope of his judicial authority, or that the Judge acted in the complete absence of all jurisdiction. Therefore, Judge John Doe #1 and Judge John Doe #2 are absolutely immune from liability, and the Complaint will be dismissed with prejudice as against these defendants.

B.  Claim Against Public Defender Frankie Fontanez

Next, Plaintiff asserts a claim of ineffective assistance of counsel against his appointed counsel, Frankie Fontanez, Esq., who is representing Plaintiff in his pending state criminal proceedings. This defendant is not subject to liability under § 1983 because he is not a state actor.

A public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Co. v. Dodson, 454 U.S. 312, 325 (1981) (a public defender performing a lawyer's traditional functions as counsel to a defendant, such as determining trial strategy and whether to plead guilty, is not acting under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

However, even if Plaintiff had pleaded facts establishing that Fontanez was acting under color of state law, the allegations in the Complaint assert nothing more than a violation of Plaintiff's right to effective assistance of counsel. Such a claim must first be raised in Plaintiff's ongoing state criminal case; a federal court generally will not intercede to consider issues that the plaintiff has an opportunity to raise before the state court. See Younger v. Harris, 401 U.S. 37 (1971).

Moreover, to the extent that Plaintiff's criminal trial is no longer pending, and he has been convicted and sentenced on the state charges, any claim of ineffective assistance of counsel in this regard must first be exhausted via state court remedies, *i.e.*, by direct appeal or other available state court review; and

then, if appropriate, by filing a federal habeas application to assert any violations of federal constitutional or statutory law, namely, his claim of ineffective assistance of counsel.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973).  Here, Plaintiff admits that his criminal case is ongoing and he has not been convicted or sentenced yet.

Therefore, because defendant Fontanez was not acting under color of state law when representing Plaintiff, and because any claim of ineffective assistance of counsel must be asserted under a federal habeas petition after Plaintiff has been convicted and exhausted his state court remedies, the Complaint asserting liability under § 1983 will be dismissed for failure to state a claim at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

C.  <u>Claim Against Warden Taylor</u>

There is no apparent claim asserted against Warden Eric M. Taylor in the Complaint, unless the Court construes Plaintiff's allegations of an inadequate law library as a denial of access to the courts claim asserted against Taylor.

The constitutional right of access to the courts is an aspect of the First Amendment right to petition the government for redress of grievances.  <u>Bill Johnson's Restaurants, Inc. v. NLRB</u>, 461 U.S. 731, 741 (1983).  In addition, the constitutional guarantee of due process of law has as a corollary the

requirement that prisoners be afforded access to the courts in order to challenge unlawful convictions and to seek redress for violations of their constitutional rights.  <u>Procunier v. Martinez</u>, 416 U.S. 396, 419 (1974), <u>overruled on other grounds</u>, <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 413-14 (1989).  <u>See also</u> <u>Peterkin v. Jeffes</u>, 855 F.2d 1021, 1036 n.18 (3d Cir. 1988) (chronicling various constitutional sources of the right of access to the courts).

In <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  The right of access to the courts is not, however, unlimited.  "The tools [that <u>Bounds</u>] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any <u>other</u> litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  <u>Lewis v. Casey</u>, 518 U.S. 343, 355 (1996) (emphasis in original).  Similarly, a pretrial detainee has a right of access to the courts with respect to legal assistance and participation in one's own defense against pending

criminal charges.  See, e.g., May v. Sheahan, 226 F.3d 876, 883-84 (7th Cir. 2000); Caldwell v. Hall, 2000 WL 343229 (E.D. Pa. March 31, 2000).  But see United States v. Byrd, 208 F.3d 592, 593 (7th Cir. 2000) (pretrial detainee who rejects an offer of court-appointed counsel in satisfaction of the Sixth Amendment right to counsel has no alternative right to access to a law library); Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998) (same); United States v. Walker, 129 F.3d 1266, 1997 WL 720385, **4 (6th Cir. 1997) (same).

Moreover, a prisoner alleging a violation of his right of access must show that prison officials caused him past or imminent "actual injury" by hindering his efforts to pursue such a claim or defense.  See Lewis, 518 U.S. at 348-51, 354-55 (1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997). "He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.  Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable to file even a complaint."  Lewis, 518 U.S. at 351.

Here, Plaintiff fails to allege any actual injury as a result of the alleged inadequate law library.  Plaintiff was able

to file this Complaint in a timely manner, and he does not allege that the inadequate law library has hindered his efforts to pursue a claim or defense in his other legal matters. Therefore, Plaintiff does not allege actual injury with respect to the general claim that he was denied access to the courts by an inadequate law library. This claim will be dismissed without prejudice accordingly.

### V. CONCLUSION

Therefore, for the reasons expressed above, the Court will dismiss the Complaint with prejudice, in its entirety, as against the John Doe Judges, for failure to state a claim upon which relief may be granted and because these defendants are immune from suit, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and 1915A(b)(1) and (2). As to the remaining defendants, Fontanez and Taylor, the Complaint will be dismissed without prejudice for failure to state a claim at this time. An appropriate Order follows.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge

Dated:    **May 3, 2007**